UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MARLON DHAINY,<br><br>　　　　　　　Defendant. | Civ. No. 15-3042 (KM) (MAH)<br><br>OPINION |

**MCNULTY, U.S.D.J.:**

　　　The plaintiff, Malibu Media, LLC ("Malibu Media") brought this copyright infringement action against Defendant Marlon Dhainy ("Dhainy") for violations of federal copyright laws premised on the alleged distribution of digital movie files over the BitTorrent file distribution network without Malibu Media's authorization. Malibu Media has moved for default judgment against Dhainy. (Dkt. No. 15) Dhainy has filed a letter in response, which the Court construes to be a motion to vacate the entry of default. (Dkt. No. 16) For the reasons set forth below, Dhainy's motion to vacate the default judgment is granted and Malibu Media's motion for default judgment is denied.

**BACKGROUND**

　　　The plaintiff, Malibu Media, is a California limited liability company that operates a website containing movies for which Malibu Media owns the copyrights. (Amended Complaint, Dkt. No. 8 ("Compl.") ¶¶ 2, 9) The defendant, Marlon Dhainy, is an individual. (*Id.* ¶ 10)

　　　The BitTorrent file distribution network ("BitTorrent") is a peer-to-peer file sharing system used for distributing large amount of data. (*Id.* ¶ 11) To distribute a large file, BitTorrent breaks a file into many small pieces, referred

to as "bits." (*Id.* ¶ 13) These bits are exchanged among users in the network, and then once the recipient receives all of the bits of a file, the BitTorrent software will reassemble the bits so that the file can be opened and used. (*Id.* ¶ 14) Each bit is assigned a unique "cryptographic hash value" that identifies the bit and ensures that it is properly routed. (*Id.* ¶ 15) The entire digital file is also given a hash value which acts as an identifier and is used by the BitTorrent software to determine when the file is complete and accurate. (*Id.* ¶ 17)

Malibu Media engaged an investigator, IPP International UG, which established a connection with the internet protocol ("IP") address 69.118.197.117 on March 21, 2015, and downloaded one or more bits of a digital media file. (*Id.* ¶¶ 18, 19; Ex. A) After downloading a full copy of the media file from BitTorrent, the investigator used the hash values to identify the file "Xart Unauthorized Pack # 89," a file containing digital copies of 127 separate copyrighted works owned by Malibu Media. (*Id.* ¶¶ 22, 23)

Malibu Media filed its complaint on April 30, 2015, originally using a fictitious name for the defendant. (Dkt. No. 1) Malibu Media alleges that the BitTorrent user assigned IP address 69.118.197.117 intentionally violated Malibu Media's right to reproduce, redistribute, perform, or display copyrighted works, in violation of 17 U.S.C. §§ 106 and 501. Malibu Media seeks to permanently enjoin the user of the IP address from continuing to infringe plaintiff's works, order that the user delete all digital media files relating to Malibu Media's works, award Malibu Media statutory damages for each infringed work, and award Malibu Media reasonably attorney's fees and costs.

Malibu Media filed a motion for leave to serve a third-party subpoena on the Defendant's Internet Service Provider to learn the Defendant's name. (Dkt. No. 4) Magistrate Judge Michael A. Hammer granted that motion on July 22, 2015. (Dkt. No. 5) Malibu Media learned that Defendant's name was associated with the IP address, and on October 21, 2015, filed an Amended Complaint naming Marlon Dhainy as the defendant. (Dkt. No. 8) A summons was issued and Dhainy was served on October 29, 2015. (Dkt. No. 12) On December 3,

2015, Malibu Media requested the Clerk enter default against Dhainy, which was entered December 4, 2015. (Dkt. No. 14) Malibu Media filed its motion for default judgment on December 14, 2015. (Dkt. No. 15) Dhainy filed a letter responding to the motion for default judgment on December 18, 2015. (Dkt. No. 16)

**LEGAL STANDARDS**

### A. Motion for Default Judgment

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the

defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a). After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

### B. Motion to Vacate Entry of Default

Under Fed. R. Civ. P. 55(c), a district court "may set aside an entry of default for good cause." The decision whether to vacate a default judgment is left "to the sound discretion of the trial court." *Tozer*, 189 F.2d at 245. In exercising this discretion, a court must consider (1) "whether the plaintiff will be prejudiced," (2) "whether the defendant has a meritorious defense," and (3) "whether the default was the result of the defendant's culpable conduct." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256-57 (3d Cir. 2008) (quoting *$55,518.05 in U.S. Currency*, 728 F.2d at 195). In essence, the factors to be considered in determining whether to vacate the entry of default are the same as those to be considered with respect to a default judgment; the parties' positions are simply flipped.

When a party moves to set aside a default, any doubts as to whether the default should be vacated "should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys. Inc.*, 700 F.2d 120, 122 (3d Cir. 1983). "Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982).

### DISCUSSION

Each of the three factors weighs in favor of granting Dhainy's motion to vacate the Clerk's entry of default.

4

### A. Factor 1 – Prejudice to the Plaintiff

Prejudice is found where "a plaintiff's ability to pursue the claim has been hindered by, for example, loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523-24 (3d Cir. 2006) (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)). Mere delay in the adjudication of a claim does not by itself establish prejudice. *See Feliciano*, 691 F.2d at 656-57 ("Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceeding.").

Here, Malibu Media will not be prejudiced by vacating the entry of default. The action is still in its early stages and Dhainy has now appeared. There is no indication that Malibu Media's ability to pursue the claim has been hindered in any way. I find that this factor weighs in favor of vacating the entry of default.

### B. Factor 2 – Meritorious Defense

In determining whether to vacate the entry of default, a court must determine whether the "allegations of defendant's answer, if established at trial, would constitute a complete defense to the action." *$55,518.05 in U.S. Currency*, 728 F.2d at 195. The defendant need not prove that he will prevail at trial, but that he has a defense which is meritorious on its face. *Id.*

Here, Dhainy contends that he did not commit the copyright infringement; rather, the IP address at issue "has been access[ed] by others using wireless services." (Dkt. No. 16 p. 1) Dhainy does not password-protect his wireless network and thus other individuals, including members of the household, could have accessed the network and used the IP address to download the protected works. He also claims that he was out of the area on the dates when the copyrighted works were allegedly downloaded. (*Id.*) Other courts with Malibu Media copyright infringement suits have recognized this defense as valid. *See Malibu Media, LLC v. Waller*, 2016 WL 184422, at *3

(D.N.J. Jan. 15, 2016) (collecting cases). Rather than offering a simple denial, Dhainy has presented a meritorious defense and a factual scenario that may be developed in discovery. Accordingly, I find that this factor weighs in favor of setting aside the entry of default.

### C. Factor 3 – Culpability

Finally, I consider whether the default was the result of Dhainy's culpable conduct. *$55,518.05 in U.S. Currency*, 728 F.2d at 195. Culpable conduct means "more than mere negligence," and connotes willfulness, bad faith, and intentionally avoiding compliance with court procedures, or "reckless disregard for repeated communications from plaintiffs and the court." *Hritz*, 732 F.2d at 1182-83. The failure to respond to a claim, especially where it is the result of miscommunication and ignorance, rather than bad faith or defense strategy, will generally not be considered culpable conduct. *Waller*, 2016 WL 184422 at *4 (citing *Wingate Inns Intern., Inc. v. P.G.S., LLC*, 2011 WL 256327, at *4 (D.N.J. Jan. 26, 2011)).

Dhainy was served with a copy of the Amended Complaint on October 29, 2015. (Dkt. No. 12) Dhainy did not respond to the complaint and Malibu Media moved for entry of default on December 3, 2015. (Dkt. No. 14) Dhainy did, however, respond four days after Malibu Media filed the motion for default judgment. In that letter, Dhainy explains that he had been "talking directly" with counsel for Malibu Media and "trying to resolve this matter outside of [court]." (Dkt. No. 16 p. 2) Dhainy states that Malibu Media's pursuit of a default judgment surprised him, as the two sides had apparently been engaged in discussions. I therefore find that Dhainy's failure to respond to the Amended Complaint was not the result of bad faith or willful, intentional strategy. Accordingly, this factor, too, weighs in favor of setting aside the entry of default judgment.

## CONCLUSION

For the foregoing reasons, Defendant Dhainy's motion to vacate the entry of default is granted. The default having been set aside, Plaintiff Malibu Media's motion for default judgment must be denied. An appropriate order will issue.

_____
**KEVIN MCNULTY, U.S.D.J.**

Date: April 5, 2016